## IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

**SAMUEL SMITH, JR. AND PRENTISS SMITH**      **PLAINTIFFS**

v.                              CIVIL ACTION NO.: 2012-0052

**JERRY CARVER, SHERIFF, IN HIS OFFICIAL
CAPACITY, CARROLL COUNTY, MISSISSIPPI
(CARROLL COUNTY SHERIFF'S DEPARTMENT);
GORDON WARD, DIRECTOR, IN HIS OFFICIAL
CAPACITY, NORTH CENTRAL NARCOTICS TASK
FORCE; JOHN K. BECK, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITIES; CALVIN "BUBBA"
JONES, IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES, CURTIS ALFORD, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES; DOE
DEFENDANTS 1-5; AND DOE DEFENDANTS 6-10**

                                           **DEFENDANTS**

---

### COMPLAINT

---

COMES NOW the Plaintiffs, Samuel Smith, Jr. and Prentiss Smith, (hereinafter collectively "Plaintiffs") by and through counsel and pursuant to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure, and files this Complaint against Defendants Jerry Carver, Sheriff, in his official capacity, Carroll County, Mississippi (Carroll County Sheriff's Department); Gordon Ward, Director, in his official capacity, North Central Narcotics Task Force; John K. Beck, in his Official and Individual Capacities; Calvin "Bubba" Jones, in his Official and Individual Capacities, Curtis Alford, in his Official and Individual Capacities; Doe Defendants 1-5; and Doe Defendants 6-10 (hereinafter collectively "Defendants"). In support thereof, Plaintiffs would respectfully show unto this Honorable Court the following, to-wit:



FILED
A.M. of P.M. 2:30
MAR - 1 2012
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY _____ D.C.

1



**EXHIBIT**

**A**

## I.

### JURISDICTION AND VENUE

1.     This Honorable Court has jurisdiction and venue over the parties and this cause of action.

2.     Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(i) (Amended 2006).  Pursuant to the statute, venue is proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

3.     On or about August 4, 2011, these Plaintiffs, by and through their undersigned counsel, caused to be filed and delivered by certified U.S. mail to each and every Defendant a notice of claim letter regarding the act(s) and/or omission(s) set forth herein.  Miss. Code Ann. § 11-46-11 (2006).  A copy of said letter is incorporate herein by referenced and attached as "Exhibit A."  Plaintiffs submit these Notice of Claim letters have been on file and these Defendants on notice at least One-Hundred Twenty (120) days prior to filing the instant suit.

## II.

### PARTIES

4.     Plaintiff Samuel Smith, Jr. is an adult resident citizen of Carroll County, Mississippi residing at 5076 CR 23, Carroll County, Carrollton, MS 38923.

5.     Plaintiff Prentiss Smith is an adult resident citizen of Carroll County, Mississippi residing at 4968 CR 23, Carroll County, Carrollton, MS 38923.

6.      Defendant Jerry Carver, Sheriff is believed to be an adult resident citizen of Carroll County, Mississippi and may be served with process at Carroll County Sheriff's Department at 105 E. Washington Street, Carrollton, MS 38917.

7.      Defendant Carroll County, Mississippi (Carroll County Sheriff's Department) is a unit of government authorized under and by virtue of the laws of the State of Mississippi.  Carroll County, Mississippi may be served with process through the Carroll County Board of Supervisors, Terry Herbert (District 1), Lloyd D. Ashmore (District 2) Marvin Coward (District 3), Claude Fluker (District 4), and Ricky Corley (District 5) at 600 Lexington St., Courthouse Square, Carrollton, MS 38917.

8.      Defendant Gordon Ward, Director is believed to be an adult resident of Leflore County, Mississippi and may be served with process at North Central Narcotics Task, 307 W. Market St., Greenwood, MS 38930.

9.      Defendant North Central Narcotics Task Force is a unit of government authorized under and by virtue of the laws of the State of Mississippi.  North Central Narcotics Task Force may be served with process through its director Gordon Ward at 307 W. Market St., Greenwood, MS 38930.

10.     Defendant John K. Beck, upon information and belief is an adult resident citizen of Carroll County, Mississippi, and may be served with process at 105-C E. Washington Street, Carrollton, MS 38917.

11.     Defendant Calvin "Bubba" Jones, who was employed by the North Central Narcotics Task Force, is an adult resident citizen of Holmes County, Pickens, Mississippi 39146.

12.     Defendant Curtis Alford, upon information and belief is an adult resident citizen of Carroll County, Mississippi, and may be served with process at 105-C E. Washington Street, Carrollton, MS 38917.

13.     Doe Defendants 1-5 are the other as-yet unidentified individuals who were employed by or agents of the named Defendants herein and who participated in the acts giving rise to the causes of action contained herein.   Plaintiffs have investigated the identity of said individuals, but are currently unable to identify said persons without discovery.

14.     Doe Defendants 6-10 are other individuals, persons, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject incidents which involved and resulted in the injuries sustained by the Plaintiffs, and in whom the Plaintiffs may seek recovery of damages.

### III.

### FACTS

15.     On two occasions in July 2010, members of the Carroll County Sheriff Department along with members of the North Central Narcotics Task Force executed a search warrant on 4968 CR 23 and 5076 CR 23 Carroll County, Mississippi to search and seize property.

16.     While at the Plaintiffs' home executing search warrants, Defendants wrongfully detained and arrested Plaintiff Samuel Smith, Jr. because he was the father of Plaintiff Prentiss Smith.

17.     Defendants, while executing a search warrant, informed Plaintiff Samuel Smith, Jr. that he would be arrested if he did not provide certain information (unrelated to the execution of the search warrant).

18.     Plaintiff Samuel Smith, Jr. remained silent—as a result he was arrested.

19.     The officers seized (among other things) cars, trailers, electronics, rifles, jewelry and cash, essentially removing everything from the Plaintiffs' home.

20.     Plaintiff Prentiss Smith was later arrested.

21.     In August 2010, upon return of the seized items, several notable items were damaged, unaccounted for, or missing, including but not limited to, cash, jewelry, coins, appliances, equipment and tools.

22.     Defendants collectively owed a duty of care to the Plaintiffs, to act as a reasonable prudent officer of the law would have acted under the same or similar circumstances.

23.     Defendants' actions breached the duty of care to the Plaintiffs, and were the sole, proximate cause of the damages and losses sustained by the Plaintiffs.

24.     As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, Plaintiffs were deprived of their personal property without due process of law.

## IV.

## CLAIMS FOR RELIEF

### COUNT I - NEGLIGENCE

25.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

26.     At the time and on the occasion in question, Defendants Carroll County, Mississippi, North Central Narcotics Task Force, John K. Beck, in his Official and Individual Capacities, Curtis Alford, in his Official and Individual Capacities, Doe Defendants 1-5, and Doe Defendants 6-10, individually, jointly, and severally, possessed a duty of ordinary care while acting as officers of the law and/or while performing a search of a private residence and/or while seizing personal property.     Specifically, Defendants possessed the duty to keep citizens of their jurisdiction reasonably safe, to avoid reasonable harm to persons and property, and to act as a reasonable prudent officer of the law would have acted under the same or similar circumstances.   Defendants were negligent in the following particulars, including but not limited to:

      i.     depriving citizens of property without due process of law;

      ii.    performing an unlawful search and seizure;

      iii.   conspiring to deprive citizens of personal property; and

      iv.   other acts of negligence as will be more fully shown at trial.

The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.   Further, the act(s) and/or omission(s) of the Defendants, individually, jointly, and severally, resulted in the Plaintiffs' damages.

## COUNT II - GROSS NEGLIGENCE

27.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

28.     The actions of the Defendants Carroll County, Mississippi, North Central Narcotics Task Force, John K. Beck, in his Official and Individual Capacities, Curtis

Alford, in his Official and Individual Capacities, Doe Defendants 1-5, and Doe Defendants 6-10, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs.

29.     Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiffs herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law.  As a result, Plaintiffs are entitled to the recovery of punitive damages.

30.     At the time and on the occasion in question, Doe Defendants 1-5 and Doe Defendants 6-10 are individuals, persons, corporate persons and/or business entities, the identities of which are currently unknown to the Plaintiffs.  Upon information and belief these unknown individuals or entities, in addition to the named Defendants, were present at the scene where the Plaintiffs were injured, or were a contributing cause of the incident and the resulting damages to the Plaintiffs, or were engaged and/or had been engaged in operations at the scene of the incident described herein, which otherwise caused and/or contributed to the incident.

31.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiffs' damages.

## COUNT III - RESPONDEAT SUPERIOR

32.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

33.     Upon information and belief Defendants John K. Beck, Curtis Alford, Doe Defendants 1-5 and Doe Defendants 6-10 were in the course and scope of their employment with Defendants Carroll County, Mississippi, North Central Narcotics Task Force, and Doe Defendants 6-10, at all relevant times immediately subsequent and preceding the incident in question, and therefore, said Defendants are liable for the negligence of their employees.

## COUNT IV - AGENCY

34.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35.     At the times material hereto, Defendants John K. Beck, Curtis Alford, Doe Defendants 1-5 and Doe Defendants 6-10 were in the course and scope of their employment with and acted in furtherance of the interests of Defendants Carroll County, Mississippi, North Central Narcotics Task Force, and Doe Defendants 6-10, and/or was an apparent agent acting within his actual or apparent authority of Defendants Carroll County, Mississippi, North Central Narcotics Task Force, and Doe Defendants 6-10; therefore, Defendants are liable for the negligence of its employee(s)/statutory employee(s)/agent(s).

## COUNT V - NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

36.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

37.     At the time and on the occasion in question, Defendants Carroll County, Mississippi, North Central Narcotics Task Force, and Doe Defendants 6-10 were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s),

and/or agent(s), Defendants John K. Beck, Curtis Alford, Doe Defendants 1-5 and Doe Defendants 6-10. Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, particularly regarding matters involving proper methods and techniques for lawful searches and seizures of property. Defendants breached that duty in the following respects, among others:

      (a)    failing to adequately inquire into the competence, employment history and criminal background of employee, agent or servant, Defendants John K. Beck, Curtis Alford, Doe Defendants 1-5 and Doe Defendants 6-10;

      (b)    failing to adequately train employee, agent or servant, Defendants John K. Beck, Curtis Alford, Doe Defendants 1-5 and Doe Defendants 6-10;

      (c)    failing to properly supervise employee, agent or servant, Defendants John K. Beck, Curtis Alford, Doe Defendants 1-5 and Doe Defendants 6-10;

      (d)    failing to comply with laws, rules, statutes, standards and regulations regarding searches of private residences and seizures of property, and;

      (e)    other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiffs' damages.

## COUNT VI - RES IPSA LOQUITUR

    38.    Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

39.     At all pertinent times, Defendants collectively were in sole and complete control of the missing and damaged property and the personnel taking possession thereof, which became the instrumentality causing the resulting damages to the Plaintiffs. Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

40.     Defendants were presented with an available opportunity to avoid the resulting incident.   Defendants, however, failed to exercise such control over their personnel to prevent the Plaintiffs' damages.

41.     The duty of care owed to the Plaintiffs was therefore breached by the Defendants.

42.     The manner of damage to Plaintiffs' property is the type of event that does not ordinarily occur in the absence of negligence.

43.     The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case.  The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

44.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiffs.

## COUNT VII - CONSPIRACY

45.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

46.     Defendants Defendants Carroll County, Mississippi, North Central Narcotics Task Force, John K. Beck, in his Official and Individual Capacities, Curtis Alford, in his Official and Individual Capacities, Doe Defendants 1-5, and Doe Defendants 6-10 took the above-described acts in concert and in furtherance of a conspiracy to commit the wrongs complained of herein.

47.     As a proximate result of the acts in concert by Defendants, Plaintiffs have been damaged.

### COUNT VIII - VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (General Allegations)

48.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

49.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of property without due process of law; and C) the right to just compensation for taking of property.

50.     In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted a search and seizure of Plaintiffs' property.  The seizure set into motion the chain of events that led to the destruction of private property without due process of law or just compensation, in violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

51.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

52.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT IX - VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

53.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

54.     Defendants Carroll County, Mississippi, North Central Narcotics Task Force, and Doe Defendants 6-10, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Carroll County Sheriff's Department and the North Central Narcotics Task Force to destroy the personal property of others.

55.     The failure of Defendants Carroll County, Mississippi, North Central Narcotics Task Force, and Doe Defendants 6-10 to adequately train and supervise Defendants John K. Beck, Curtis Alford, Doe Defendants 1-5 and Doe Defendants 6-10 amounts to a deliberate indifference to the rights of the Plaintiffs to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

56.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected

rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of property without due process of law; and c) the right to just compensation for taking of property.

## COUNT X - VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (Deprivation of Property Without Due Process of Law)

57.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

58.     Defendants Carroll County, Mississippi, North Central Narcotics Task Force, John K. Beck, in his Official and Individual Capacities, Curtis Alford, in his Official and Individual Capacities, Doe Defendants 1-5, and Doe Defendants 6-10, in concert with the other Defendants, intentionally violated the civil rights of the Plaintiffs by their malicious and wanton disregard for Plaintiffs' property rights.  The improper removal, custody, care, accounting and return of the seized property in question amounts to the deprivation of property in violation of the Fifth and Fourteenth Amendments.

59.     The actions of Defendants Carroll County, Mississippi, North Central Narcotics Task Force, John K. Beck, in his Official and Individual Capacities, Curtis Alford, in his Official and Individual Capacities, Doe Defendants 1-5, and Doe Defendants 6-10, in concert with the other Defendants, evidence either the specific intent to violate the Plaintiffs' civil rights or a reckless disregard of the probability of causing that violation.  The manner in which Defendants damaged and completely failed to return certain of the Plaintiffs' valuables was so extreme and outrageous that it went beyond the bounds of decency.  It would be considered atrocious and utterly intolerable in a civilized

community. Thus, Plaintiffs are entitled to compensatory and punitive damages therefore.

## COUNT XI - ABUSE OF PROCESS (MISSISSIPPI COMMON LAW)

60.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

61.     The Defendants had ulterior motives at all relevant times described herein.

62.     The Defendants collectively did maliciously, without justification therefore, instigated the wrongful retention of the personal property described herein and caused the destruction of said property when the Defendants knew or should have known Plaintiffs' personal property was to be carefully removed, safely stored, accurately accounted for and securely returned.

63.     Based on the facts apparent to the Defendants when the property was removed, no reasonable or honest belief as to the guilt of the accused existed.

64.     There are no set of facts can be proven by these Defendants to show that they had a subjective, honest belief in the reasonableness of the removal of the property or any objective reasonable grounds supporting such a belief. No reasonable person under these circumstances would have instituted these proceedings against the Plaintiffs.

65.     The Defendants acted with clear malice and reckless disregard in destroying the personal property of law abiding citizens. More specifically, the Defendants' primary purpose in prosecuting the Plaintiffs was clearly one other than bringing criminal offenders to justice.

66.     As a direct and proximate result of the above-mentioned acts of the Defendants, Plaintiffs sustained damages.

## COUNT XII - BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

67.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

68.     The Defendants' failure and/or refusal to safely store, adequately account for and return the Plaintiffs' property constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiffs and other persons similar situated.

## COUNT XIII - THE COMMON LAW TORT OF OUTRAGE

69.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

70.     The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the Plaintiffs' damages. The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

71.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiffs for such outrageous conduct. Thus, Plaintiffs are entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## COUNT XIV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

72.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

73.     The act(s) and/or omission(s) of the Defendants on the day in question caused Plaintiffs severe emotional distress, by and through their negligent conduct.

74.     The destruction of Plaintiffs' property was an awful, traumatic, and disturbing event, which has caused the Plaintiffs to suffer serious emotional anguish.

75.     At all relevant times, the Plaintiffs were in the zone of danger as a result of the act(s) and/or omission(s) of the Defendants.

76.     The act(s) and/or omission(s) of the Defendants constitute a negligent infliction of emotional distress as defined under Mississippi law, and were each a proximate cause of damages and losses sustained by the Plaintiffs.

### V.

### DAMAGES

### ECONOMIC DAMAGES

77.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

78.     As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek the recovery of any and all kinds of economic damages available under the law and incurred as a result of the acts of the Defendants.

### NON-ECONOMIC DAMAGES

79.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

80.     As a result of the act(s) and/or omission(s) of these Defendants, Plaintiffs seek recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) and/or omission(s); including, but not limited to: pain and suffering, severe mental pain, anguish, suffering, inconvenience, worry, emotional distress, and others, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to their injuries and the harm they have sustained.

81.     Plaintiffs have suffered out-of-pocket expenses which include travel expenses, attorneys' fees, costs of court, time from work, and other expenses. Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary, enhanced and trebled damages. Plaintiffs seek pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants. Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

82.     The amount of total damages suffered by Plaintiffs is significant and continuing in nature.  Plaintiffs reserve the right to amend and state further with respect to their damages.

## VI.

## PUNITIVE DAMAGES

83.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

84.     Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the

rights and safety of the Plaintiffs, an award of punitive damages is appropriate and necessary under these facts.

## VII.

### RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

85.    Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiffs reserve the right to name additional Defendants should later facts establish that others are liable herein.

## VIII.

### JURY TRIAL DEMANDED

86.    Plaintiffs demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Defendants be cited to appear and answer and that upon final hearing, Plaintiffs have judgment of and from the Defendants, jointly and severally, for:

(1)    Past physical pain and mental suffering;

(2)    Past and future mental anguish;

(3)    Unjust enrichment;

(4)    Full value of the lost property, plus interest;

(5)     Actual, incidental and consequential damages;

(6)     Punitive and exemplary damages in an amount above the minimum jurisdictional limits of the court;

(7)     Pre-judgment interest at the maximum legal rate for all damages suffered;

(8)     Post-judgment interest at the maximum legal rate for all damage suffered;

(9)     Reasonable attorneys' fees and costs of court, and

(10)    For such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

This the ___ day of February, 2012.

Respectfully submitted,

**SAMUEL SMITH, JR. AND PRENTISS SMITH**

By: _____
Terris C. Harris

**Of Counsel:**

Dennis C. Sweet, III, MSB # 8105
Terris C. Harris, MSB # 99433
Thomas J. Bellinder, MSB # 103115
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS 39201
601-965-8700 Telephone
601-965-8719 Fax

FILED
A.M. of P.M. 2:30
MAR - 1 2012
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY_____ D.C.